IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY SCALES                                                                                    PLAINTIFF
ADC #91668

V.                                          NO.  5:05CV00223 JWC

DR. HERMANN JONAK                                                                     DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff is an inmate currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC").  On August 3, 2005, Plaintiff, through counsel, filed this 42 U.S.C. § 1983 civil rights action along with the $250.00 statutory filing fee (docket entry #1).  Plaintiff additionally asserted a state law claim of medical negligence.  On June 20, 2006, Defendant Jonak filed a motion to dismiss and brief in support (docket entries #29, #30) seeking to dismiss Plaintiff's complaint on state law grounds.  Counsel, for reasons unknown, has never responded to the motion.

**I. Background**

According to Plaintiff's complaint, on August 4, 2003, while incarcerated at the ADC's Tucker Unit, Defendant Jonak and former Defendant CMS[1] prescribed Dapsone to him although it was documented in his medical records that he was allergic to sulfa-based drugs.  Plaintiff further claims that Defendant Jonak and former Defendants CMS and "John Doe I" a nurse who "transcribed" the medication, each had knowledge of his allergy to Dapsone.  As a result of Defendants' failure to provide Plaintiff with adequate medical treatment, Plaintiff sustained swelling in his hands and feet, welts, fatigue, and unbalanced

---

[1] Correctional Medical Services, Inc.

walking as well as unspecified permanent injuries, pain, suffering, and mental anguish. The administrative exhaustion materials attached to Plaintiff's complaint indicate that he suffered from a chronic skin condition that had not responded well to various other medications.  On August 4, 2003, Defendant Jonak prescribed Dapsone, a medication proven to be effective in treating certain skin conditions.  Plaintiff's medical record indicated that he was allergic to Trimethoprim and Penicillin, not Dapsone.  Plaintiff experienced an allergic-type reaction on August 30, 2003, and was seen at sick call where the physician ordered the Dapsone discontinued and prescribed medication to relieve the allergic symptoms.  According to Plaintiff's evidence, it was unclear whether the allergic reaction was attributable to the Dapsone since Plaintiff had been on the medication for almost four weeks before presenting with any problem.

## II.  Standard

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).

## III.  Analysis

### A.    Medical Malpractice

Plaintiff alleges that Defendant provided inadequate medical treatment by prescribing him a drug that caused an allergic reaction and thereafter failed to provide him with medical treatment for the allergic reaction.  Defendant argues that Ark. Code Ann.

§16-114-209 required Plaintiff to file a supporting affidavit from an expert in the same medical field as Defendant within thirty days of the filing of the complaint or the case must be dismissed. Plaintiff's counsel has never filed the requisite affidavit; therefore, Defendant seeks dismissal as well as sanctions.

Arkansas' medical malpractice statute is codified at Ark. Code Ann. § 16-114-201 et seq. and governs all actions for medical injury. Ark. Code Ann. § 16-114-209 provides that a plaintiff must file, within thirty days of the filing of the complaint, a supporting affidavit from an expert in the same medical field as the defendant-physician or the case must be dismissed. It states in relevant part that:

> (b)(1) In all cases where expert testimony is required under § 16-114-206, reasonable cause for filing any action for medical injury due to negligence shall be established only by the filing of an affidavit that shall be signed by an expert engaged in the same type of medical care as is each medical care provider defendant.
>
> * * *
>
> (3)(A) The plaintiff shall have thirty (30) days after the complaint is filed with the clerk to file the affidavit before the provisions of subsection (a) of this section apply.
>
> (B) If the affidavit is not filed within thirty (30) days after the complaint is filed with the clerk, the complaint shall be dismissed by the court.

Expert testimony is required when "the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge." See Ark. Code Ann. § 16-114-206.

> (a) In any action for medical injury, when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge, the plaintiff shall have the burden of proving:
>
> > (1) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant, the degree of skill and learning ordinarily possessed and used by members of the profession of the medical care provider in good standing, engaged in the same type of practice or

> specialty in the locality in which he or she practices or in a similar locality;
>
> (2) By means of expert testimony provided only by a medical care provider of the same specialty as the defendant that the medical care provider failed to act in accordance with that standard; and
>
> (3) By means of expert testimony provided only by a qualified medical expert that as a proximate result thereof the injured person suffered injuries that would not otherwise have occurred.

Id. § 16-114-206.  In addition, if an action for medical injury is filed without reasonable cause, the party or attorney who signed the complaint shall, as determined by the court, be subject to payment of reasonable costs incurred by the defendant, including attorney's fees and appropriate sanctions.  Id. § 16-114-209(a)(1)&(2).

The sole relevant question at issue turns on whether an expert affidavit was required in conjunction with filing the complaint in this case.  In other words, does the medical negligence alleged lie within a layperson's comprehension and thus satisfy the "common knowledge exception" of the statute.  Arkansas case law has long recognized that expert testimony is not required when the asserted negligence lies within the comprehension of a jury of laypersons, such as a surgeon's failure to sterilize his instruments or to remove a sponge from the incision before closing it.  Robbins v. Johnson, No. 06-163, 2006 WL 3030682 (Ark. Oct. 26, 2006) (citing Lanier v. Trammell, 180 S.W.2d 818 (1944)).  Conversely, when the applicable standard of care is not a matter of common knowledge, the jury requires the assistance of an expert witness in determining the issue of negligence.  Robbins, 2006 WL 3030682 (citing Haase v. Starnes, 915 S.W.2d 675, 678 (1996) quoting Davis v. Kemp, 481 S.W.2d 712, 712-713 (1972)).  "[I]t is well settled by § 16-114-206(a) and our case law that expert testimony is not necessary *per se* in every malpractice case

but rather is needed only when the standard of care is not within the jury's common knowledge and when an expert is needed to help the jury decide the issue of negligence." Robbins, 2006 WL 3030682 (citing Hasse, supra.).  The distinction seems to turn on whether medical knowledge, training, or expertise is necessary when addressing the alleged medical negligence, as opposed to merely common sense.  The overwhelming majority of cases that have considered this issue hold that expert medical testimony is necessary.  See Mitchell v. Lincoln, No. 05-1369, 2006 WL 1702635 (June 22, 2006) (internal citations omitted); see also Eady v. Lansford, 92 S.W.3d 57 (2002) (expert testimony required to rebut defense testimony regarding whether a physician has a duty to inform a patient about rare side effects of medication).

In Plaintiff's case, although it may be common knowledge that all drugs can cause some form of adverse reaction if administered to a patient with an allergy to the drug's components, it is certainly not common knowledge one, if Dapsone is a "sulfa-based" drug two, whether Dapsone can cause injury to a patient with an allergy to sulfa-based drugs, and three, how long one would have to ingest Dapsone before experiencing an allergic reaction.  Without expert testimony demonstrating if, whether, and how quickly Dapsone can cause harm, the jury cannot know whether the alleged negligence caused Plaintiff's injuries.  Ark. Code Ann. §16-114-209 required Plaintiff to file a supporting affidavit from an expert in the same medical field as Defendant within thirty days of the filing of the complaint or assume the risk of mandatory dismissal.  Plaintiff's counsel has never filed the requisite affidavit; therefore, the state law cause of action must be dismissed.

**B.    Deliberate Medical Indifference**

Although the state law cause of action has been disposed of, Defendant has failed to address Plaintiff's surviving Eighth Amendment claim. Pursuant to 28 U.S.C. § 1915A, this Court may sua sponte dismiss any portion of Plaintiff's complaint if it determines that any portion of the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. To prevail on his claim of deliberate medical indifference, Plaintiff must allege acts or omissions by Defendant "sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Eighth Circuit has interpreted this standard to include both objective and subjective components: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Jolly, 205 F.3d at 1096 (citing Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)); see also Stetter v. Riddick, 6 Fed. Appx. 522 (8th Cir. 2001) (unpub. per curiam) (citing Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997)). This standard has been well settled for some time and Plaintiff's burden is substantial. In determining whether Defendant was deliberately indifferent to his serious medical needs, Plaintiff must demonstrate "more than negligence, more even than gross negligence." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Moreover, "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Id.

First, Plaintiff must establish that he suffered from an objectively serious medical need. A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize the necessity for a

physician's treatment.  Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997); see also Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999).  Plaintiff has cleared this first hurdle.  Plaintiff alleges he sustained swelling in his hands and feet, welts, fatigue, and unbalanced walking as a result of his ingestion of Dapsone.  In addition, the administrative exhaustion materials attached to Plaintiff's complaint indicate that he suffered from a chronic skin condition that had not responded well to various other medications.  Next, Plaintiff must establish that Defendant was (1) personally aware of his serious medical needs; and (2) deliberately disregarded those needs.  Coleman, 114 F.3d at 785-86.  Again, the materials attached to Plaintiff's complaint indicate that Defendant was aware of Plaintiff's medical needs; however, nothing in the record indicates that Defendant deliberately disregarded those medical needs aside from the bare allegations of the complaint.[2]  Plaintiff's evidence further demonstrates that Defendant prescribed Dapsone to him on August 4, 2003, a medication known to be effective in treating certain skin conditions.  Plaintiff's medical record indicated that he was allergic to Trimethoprim and Penicillin, not Dapsone.  Plaintiff did not experience an allergic-type reaction until August 30, 2003, almost four weeks after he began taking the Dapsone and he was seen at sick call that day where the physician ordered the Dapsone discontinued and prescribed medication to relieve the allergic symptoms.  According to Plaintiff's evidence, it was unclear whether the allergic reaction was attributable to the Dapsone since he had been on the medication for a significant period of time before presenting with any problem.  Based solely on the evidence submitted by Plaintiff, it cannot be said that Defendant was

---

[2] Counsel for Plaintiff did not respond to the motion to dismiss.

7

deliberately indifferent to his medical needs. Under the circumstances, Plaintiff's Eighth Amendment claim too must be dismissed.

## IV. Conclusion

For the reasons set forth herein, IT IS, THEREFORE, ORDERED that:

1. Defendant Jonak's motion to dismiss (docket entry #29) is GRANTED and Plaintiff's case is DISMISSED IN ITS ENTIRETY, WITH PREJUDICE as to Defendant Jonak and without prejudice as to Defendants CMS and Doe.[3]

2. Any pending motions are DENIED AS MOOT.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. This dismissal counts as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[4]

5. The jury trial set for January 16, 2007, is hereby cancelled.

DATED this 15th day of November, 2006.

                                           /s/ 
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] See docket entry #25.

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.